UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KWASI MACK, | Civil Action No. 19-17075 (MCA) |
| Petitioner, | |
| v. | OPINION |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter has been opened to the Court by Kwasi Mack's ("Mack" or "Petitioner") motion to vacate pursuant 28 U.S.C. § 2255 ("Motion"). For the reasons explained in this Opinion, the Court denies the Motion and the request for an evidentiary hearing and also denies a certificate of appealability.

I.   **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On December 6, 2013, the United States Attorney's Office for the District of New Jersey filed a criminal complaint against Mack in this Court. Mag. No. 13-8374 (MCA), Docket No. 1. On April 17, 2014, a federal grand jury sitting in Newark returned a three-count indictment charging Mack with conspiracy to distribute heroin, use of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. Crim. Dkt. No. 14. That indictment was superseded a number of times to assert additional counts and name additional defendants; ultimately, Mack was charged with 16 counts. *See* Crim. Dkt. Nos. 26, 35, 81, 123, 195, 207.

On October 11, 2017, Mack signed a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (the "Plea Agreement"), in which he agreed to plead guilty to the following eight counts of the Sixth Superseding Indictment:

> Count One: Racketeering Conspiracy;
>
> Counts Five and Six: Attempted Murder in Aid of Racketeering;
>
> Counts Eight, Nine, and Twelve: Assault with a Dangerous Weapon in Aid of Racketeering;
>
> Count Thirteen: Violent Crime in Aid of Racketeering – Conspiracy to Assault with a Dangerous Weapon; and
>
> Count Sixteen: Conspiracy to Distribute Heroin.

Crim. Dkt. No. 402.

On October 12, 2017, this Court accepted Mack's Rule 11 application and Mack entered his plea. Crim. Dkt. Nos. 400-01. Mack was represented throughout the plea and sentencing process by Robert J. Fettweis, Esq.

The Plea Agreement sets forth the statutory maximum sentences on each of the counts to which Mack pled guilty, including life sentences on Counts One and Sixteen. Crim. Dkt. No. 402 at 3-4. The Plea Agreement also makes clear that Mack's combined offense level was as high as it could be under the Sentencing Guidelines—43, yielding a Guidelines range of life—<u>even after a three-level reduction for acceptance of responsibility</u>. *Id.* at 13. The Plea Agreement states that, despite these facts, the parties elected to "resolve the case . . . pursuant to Rule 11(c)(1)(C)" by stipulating to concurrent sentences on all counts totaling 39 to 45 years. *Id.* at 13 ¶ 4.

On August 16, 2018, this Court sentenced Mack to concurrent prison terms totaling 45 years, followed by concurrent terms of supervised release totaling 5 years. Crim. Dkt. No. 813 at 3. The government represents that with credit for good behavior and time spent in detention pending trial, Mack's net effective sentence was 402 months, or approximately 33½ years.

Assuming Mack's remaining life expectancy, at the time, of approximately 46 years, this bargained-for sentence amounted to significantly less than a life term.

Petitioner did not file a direct appeal. On August 22, 2019, Mack filed his pro se motion in the instant case, pursuant to 28 U.S.C. § 2255. 2255 Dkt. No. 1. On September 24, 2019, Mack filed a pro se Memorandum in support of the motion. 2255. Dkt. No. 2. On October 4, 2019, this Court ordered Mack to file either an amended motion or a notification that his motion includes all available federal claims, 2255 Dkt. No. 3, and, on November 22, 2019, Mack notified the Court that his motion is all-inclusive, 2255 Dkt. No. 5. On January 16, 2020, this Court ordered the Government to file its response to the motion on or before March 2, 2020. 2255 Dkt. No. 6. The Court subsequently extended the Government's response deadline, and the Government submitted its answer on April 13, 2020. *See* Dkt. Nos. 9-12. Petitioner also received several extensions of time, and filed his traverse on August 14, 2020. Dkt. Nos. 13-17.

## II.   STANDARD OF REVIEW

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a

defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46). Moreover, the Third Circuit has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

### III. ANALYSIS

In the Motion, Mack asserts two slightly different theories of ineffective assistance of counsel, both premised on his claim that the Government promised to, but did not, "file a formal motion required by U.S.S.G. 3E1.1(b)[] cmt. n.6 for a three level reduction, tangibly demonstrating [Mack's] acceptance of responsibility and cooperation in his own prosecution."[1] According to Mack, he pled guilty to obtain a "tangible" benefit—a motion to be filed by the Government that he could use "in the distant future" to "petition the Executive Branch of the United States for clemency." *Id.* at 3 (some capitalizations omitted). Accordingly, Mack claims that his counsel must have been ineffective either (a) in inducing him to plead by promising that the Government

---

[1] The Government notes that Mack mischaracterizes U.S.S.G. § 3E1.1 in two ways. First, a Government motion is required only for the one-level reduction authorized by § 3E1.1(b); a two-level reduction under § 3E1.1(a) is left to the discretion of the Court. Second, § 3E1.1 pertains to acceptance of responsibility and not "cooperation," which is governed by § 5K1.1.

would file the motion or (b) in failing to object to the Government's failure to make the motion at sentencing. *Id.* at 3-4.

Mack asserts that his counsel provided ineffective assistance in violation of his Sixth Amendment rights. Before a petitioner can establish that he was denied his Sixth Amendment right to the effective assistance of counsel, he must make a two-part showing: (1) that his counsel's performance was so deficient that the attorney was not functioning as the professional counsel guaranteed by the Sixth Amendment; and (2) that he was prejudiced by his attorney's deficiencies, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Under *Strickland*, counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Thus, to prove deficiency, the petitioner must show that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999). Courts evaluate the reasonableness of counsel's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Ultimately, it is the petitioner who bears the burden of demonstrating that counsel's representation was deficient. *Id.*

Even where a petitioner is able to show that counsel's representation was deficient, he must still demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Strickland*, 466 U.S. at 692–93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim

solely on the ground that the defendant was not prejudiced." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

"Defendants are entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (quotation omitted). "When addressing a guilty plea, counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (internal quotation marks omitted). Where a petitioner accepted a guilty plea based on deficient representation, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Kmet*, 806 F. App'x. 109, 112 (3d Cir. 2020) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

The right to effective assistance of counsel also extends to sentencing. *See United States v. Sepling*, 944 F.3d 138, 145 (3d Cir. 2019) (citing *Glover v. United States*, 531 U.S. 198 (2001)). A petitioner asserting ineffective assistance of counsel at sentencing must show that but for defense counsel's "alleged ineffectiveness, he would have likely received a lower sentence." *United States v. Booth*, 432 F.3d 542, 546-47 (3d Cir. 2005).

The Court agrees with the government that Mack's assertion that he pleaded guilty with the expectation that the Government would make a § 3E1.1(b) motion is belied by his own sworn statements throughout the plea and sentencing proceedings, as well as by the Plea Agreement itself. Not only did Mack repeatedly and consistently affirm under oath that he had been offered no promises or inducements outside of the written Plea Agreement, but his plea was not even a Guidelines plea. Instead, Mack entered what is commonly known as a "C plea," pursuant to Rule 11(c)(1)(C), which permits the parties to agree on a non-Guidelines sentencing range that binds

the Court upon acceptance of the plea. It is nonsensical that he struck a deal to render the Guidelines irrelevant in reliance on a promise to reduce his Guidelines offense level.

Mack also cannot claim that he relied on an oral promise of a Guidelines offense-level reduction in accepting a non-Guidelines plea. Such an assertion would be plainly frivolous, belied as it is by the Plea Agreement, the Court's statements at sentencing, and Mack's own sworn representations in his Rule 11 Application and at the plea hearing.

By signing the Plea Agreement, Mack confirmed his "understand[ing] that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties." Crim. Dkt. No. 402 at 10. In his Rule 11 Application, made under oath, Mack averred that no one "has made any promise or suggestion of any kind to me. . . that I will receive a lighter sentence, or probation, or any other form of leniency if I plead GUILTY." Crim. Dkt. No. 401 at 4 ¶ 24. Mack and his counsel also crossed out three separate paragraphs of the Rule 11 Application, regarding the effect of the Sentencing Guidelines, and added a handwritten notation that, upon accepting the C plea, the Court must sentence Mack within the agreed-upon range. *See id.* at 4-6 ¶¶ 27, 41 (Rule 11 Application); *id.* at 8 ¶ 7 (Certification of Counsel). All of those handwritten amendments evidence Mack's understanding that "[a] sentence imposed pursuant to Rule 11(c)(1)(C) is contractual and not based upon the guidelines." *United States v. Powell*, 347 F. App'x 963, 965 (4th Cir. 2009) (emphasis added); *accord Ruther v. United States*, No. 6:12- CR-06009 (MAT), 2017 WL 2591819, at *3 (W.D.N.Y. June 15, 2017) (same); *Brantley v. United States*, No. 4:12-cr-00746-TLW-1, 2017 WL 395316, at *2 (D.S.C. Jan. 30, 2017) (same).

At the plea hearing, counsel for the Government again pointed out that the Plea Agreement contains "stipulations related to what the Guideline sentence otherwise would have been had this

not been a Rule 11(c)(1)(C) plea." Crim. Dkt. No. 441 at 10:9-16 (emphasis added)).  The Court then asked Mack whether the Government's description of the Plea Agreement was accurate, and Mack answered, "Yes." *Id.* at 10:22-24.  Finally, at the sentencing hearing, this Court explained, "normally, I'd go through the Sentencing Guideline range, but it's undisputed, as set forth in the [Pre-Sentence Report ("PSR")], that Mr. Mack was facing a term of life imprisonment, and that this stipulated plea is substantially below that, with a 39- to 45-year range, and so our arguments today will focus on the appropriate sentence within that range."  Crim. Dkt. No. 818 at 5.  When given the opportunity to address the Court at sentencing, Mack did not dispute the Court's characterization of the Plea Agreement or mention the Government's supposed failure to move for a reduction in his Guidelines offense level.  *Id.* at 18:2-7.

Mack appears to assert in his memorandum and reply that the Plea Agreement itself required the Government to make a § 3E1.1(b) motion.  The Court disagrees.  Attachment A to the Plea Agreement—the only portion of the agreement that addresses the Guidelines at all—provides:

> U.S. Sentencing Guidelines
>
> 2.  This Office and Mack recognize that the United States Sentencing Guidelines are not binding upon the Court.
>
> 3.  This office and Mack nevertheless agree that Mack's combined offense level—even after a three-point reduction for acceptance of responsibility—is 43 or higher.

Crim. Dkt. No. 402, at 13.  Nothing in this language requires the Government to make a § 3E1.1(b) motion.  Thus, Mack's claim that his counsel "was ineffective for failing to raise and preserve the government[']s breach of the plea agreement," Mem. at 8, is meritless, because there simply was no § 3E1.1 promise to breach.

But even if there was a promise that the Government would make a § 3E1.1 motion, a three-level reduction pursuant to § 3E1.1 would not have changed the outcome at sentencing, as

Mack's offense level would have remained at least 43, yielding a Guidelines range of life. As such, Mack is unable to show prejudice. Petitioner appears to believe that he need not show prejudice to succeed on his ineffective assistance of counsel claims because his claims involve the Government's alleged breach of a plea agreement. Mack also asks the Court to hold an evidentiary hearing on whether his attorney and/or the Government promised him that the Government would make a § 3E1.1(b) motion.

In support of his argument, Mack cites to *Santobello v. New York*, 404 U.S. 257 (1971), and decisions premised on *Santobello*. There, the state had promised in a plea deal that it would make no sentencing recommendation, but the prosecutor (apparently unaware of that commitment) asked the state trial court to impose the maximum penalty of one year. Defense counsel immediately objected. *See* 404 U.S., at 259. The trial judge proceeded anyway to impose the 1–year sentence, reassuring Santobello that the prosecutor's recommendation did not affect his decision. *Id.*, at 259–260. The Supreme Court vacated the conviction and remanded the case because "the interests of justice" would thus be best served. *Id.* at 262.

The Supreme Court subsequently clarified and limited *Santobello* in *Puckett v. United States*, 556 U.S. 129 (2009). There, the Supreme Court held that when a defendant fails to raise before the district court a claim that the government breached a plea agreement, that forfeited claim is subject to plain error review on appeal.[2] 556 U.S. at 133–34. The Supreme Court in *Puckett*

---

[2] Plain error is a high bar:

> First, there must be an error or defect .... Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which

explained that "[t]he defendant whose plea agreement has been broken by the Government will not always be able to show prejudice, either because he obtained the benefits contemplated by the deal anyway (e.g., the sentence that the prosecutor promised to request) or because he likely would not have obtained those benefits in any event . . . ." *Puckett* 556 U.S. at 141–42.

On collateral review, a petitioner must satisfy the *Strickland* standard, or, alternatively, show cause and actual prejudice for any procedurally defaulted claims, *see U.S. v. Frady*, 102 S.Ct. 1584, 1594 (1982), to obtain relief. In either case, Mack would need to demonstrate that he has been prejudiced by the failure of the Government to make the § 3E1.1(b) motion, which he cannot do.

Here, Mack claims that his attorney induced him to plead guilty by telling him the Government would make the § 3E1.1(b) motion, but Mack does not allege or provide evidence that he would not have pleaded guilty and would have insisted on going to trial but for his attorney's erroneous advice. *See Kmet*, 806 F. App'x. at 112. This claim fails for lack of prejudice.

Mack also contends that his attorney was ineffective because he failed to object at sentencing to the fact that the Government did not make the § 3E1.1(b) motion. To succeed on this claim, he must make a showing that there is a reasonable probability of a different sentence had his counsel objected at the sentencing hearing. *See Strickland*, 466 U.S. at 694. Because the government's failure to make the § 3E1.1(b) motion had <u>no effect</u> on Mack's sentence, and he

---

ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Id.* at 135 (internal quotation marks, citations, and alterations omitted). The third prong requires that the appellant show prejudice—in this context, that the breach affected his sentence. *See id.* at 142 n.4.

received a lower sentence than the life sentence he would have received under the Guidelines, he is unable to establish prejudice.

Indeed, Mack admits that a § 3E1.1(b) motion "would have [had] no ultimate [e]ffect on the overall sentence" he received. Mem. at 3. He argues only that he expected to—but now cannot—attach the written motion, along with unspecified "other pieces of tangible proof demonstrating his rehabilitation," to a request for clemency he may make sometime "in the distant future." *Id.* But Mack provides no evidence—indeed, does not even allege—that the lack of a written § 3E1.1(b) motion precludes him from seeking or obtaining clemency through a hypothetical petition filed years or decades from now. The Court agrees with the Government that Mack's vague claim that he would use the Government's § 3E1.1(b) motion in the future to apply for clemency is speculative at best and is insufficient to establish prejudice under *Strickland*.

## IV.    CONCLUSION

For these reasons, the Court denies the Motion, denies the request for an evidentiary hearing, and denies a certificate of appealability, as reasonable jurists would not find the Court's assessment debatable. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate Order follows.

_____
Hon Madeline Cox Arleo
United States District Judge

DATED: August 31, 2022.